UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAROLD WILSON STONE, III,<br><br>                  Petitioner,<br>    v.<br><br>ROSIE RIVERA,<br><br>                  Respondent. | Case No. 2:25-cv-02120-TL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>December 4, 2025.</u> |

This matter comes before the Court on petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner Harold Wilson Stone, III has filed a motion to proceed *in forma pauperis* ("IFP") and a proposed habeas corpus petition. Dkt. 1, 3. Petitioner is *pro se*, and is incarcerated at the Salt Lake County Adult Detention Center in Salt Lake City, Utah. Dkt. 1. He alleges irregularities in the processing of his prior habeas filings in both the United States District Court for Utah and the United States Court of Appeals for the Tenth Circuit and asks this Court to issue the writ. *Id*. Petitioner also asserts the Utah Third District Court has lacked jurisdiction since the onset of the events leading to petitioner's incarceration, in part because the Salt Lake County District Attorney's Office allegedly violated applicable statutes. *Id*. He contends that this alleged jurisdictional defect has resulted in a denial of due process and that habeas relief is the only available remedy. *Id*.

      The Court should hold that venue is not proper in the Western District of Washington and that the case should be transferred to the District of Utah in the interest

REPORT AND RECOMMENDATION - 1

of justice. For the reasons discussed below, the Court recommends this case be transferred to the United States District Court for the District of Utah.

## BACKGROUND

Petitioner challenges the state court's jurisdiction and names as respondent Rosie Rivera, the official responsible for the Salt Lake County Adult Detention Center, where he is confined. *Id*. He alleges that he was placed on probation and that a hearing on an order to show cause was scheduled for June 30, 2025, to address alleged probation violations. *Id*. According to petitioner, he received no notice of the hearing, after which a state court judge issued a no-bail warrant and later denied bail on two additional occasions. *Id*. He contends the warrant was facially invalid. *Id*. Petitioner states he was arrested in Salt Lake City on July 3, 2025, and has remained in custody since. *Id*.

The filing fee has not been paid, IFP status has not been decided, service of process has not been directed, and no respondent has appeared in this action.

## DISCUSSION

Venue may be raised by the Court sua sponte where defendants have not filed responsive pleadings and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in (1) the judicial district in which any defendant resides, if all of the defendants reside in the same state; (2) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is

REPORT AND RECOMMENDATION - 2

improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

All events alleged by petitioner occurred in Salt Lake City, Utah. Dkt. 1. Utah constitutes a single federal judicial district. 28 U.S.C. § 125. Petitioner has named no respondent who resides or operates within the Western District of Washington. The sole respondent is the Sheriff of Salt Lake County, whose duties occur entirely in Utah. Petitioner is also incarcerated in Utah. Thus, the Western District of Washington is not a proper venue for this action. Because venue is improper in this District, the Court has discretion to either dismiss the action or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a). The Court finds that dismissing this action and directing plaintiff to refile in the District of Utah would cause unnecessary delay.

Accordingly, the Court should hold that transferring, rather than dismissing, this case is appropriate.

## CONCLUSION

The Court should find venue in this District is improper. In the interest of justice, the Court should transfer this case to the proper venue. The Court recommends transferring the proposed writ (Dkt. 1) and deferring the decision on plaintiff's IFP motion (Dkt. 3) and the screening of his proposed petition (Dkt. 1) to the District of Utah.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474

REPORT AND RECOMMENDATION - 3

U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 4, 2025**, as noted in the caption. ''

Dated this 19th day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge